**DAY PITNEY LLP**
ONE JEFFERSON ROAD
PARSIPPANY, NJ 07054-2891
(973) 966-6300
Attorneys for Defendant Exxon Mobil Corporation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSE HOTELS LTD., INC.,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION,<br><br>Defendant. | HON. JOEL A. PISANO, U.S.D.J.<br>Civil Action No. 3:14-CV-05111(JAP)(TJB)<br><br>**DEFENDANT EXXON MOBIL CORPORATION'S ANSWER TO COMPLAINT** |

Defendant Exxon Mobil Corporation ("ExxonMobil" or "Defendant"), through its counsel Day Pitney LLP, answers the Complaint brought by Plaintiff Rose Hotels Ltd., Inc. ("Plaintiff") and states as follows:

1. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. ExxonMobil admits the allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Paragraph 3 of the Complaint states legal conclusions and legal arguments to be addressed by the Court, but to the extent a response is required, the allegations are denied as stated. To the extent Paragraph 3 of the Complaint makes allegations of fact, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

4. Paragraph 4 of the Complaint states legal conclusions and legal arguments to be addressed by the Court, but to the extent a response is required the allegations are denied as stated. To the extent Paragraph 4 of the Complaint makes allegations of fact, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

5. Paragraph 5 of the Complaint states legal conclusions and legal arguments to be addressed by the Court, but to the extent a response is required the allegations are denied as stated. To the extent Paragraph 5 of the Complaint makes allegations of fact, ExxonMobil admits that it has a business address of 830 Bear Tavern Road, West Trenton, New Jersey.

**FACTS**

6. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. ExxonMobil admits that a related entity owned or operated a gasoline service station for a period of time at property located at 870 Route 1&9 North, Avenel, New Jersey, but denies that it is the present owner of the property referred to as the Exxon Site. To the extent Paragraph 9 of the Complaint makes additional allegations of fact, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

10. ExxonMobil admits that in June of 2003, four gasoline underground storage tanks ("USTs") were removed from the Exxon Site. ExxonMobil denies that Exhibit "A" to the Complaint is a correct copy of the referenced document prepared by Kleinfelder East, Inc. To the

2

extent Paragraph 10 of the Complaint makes additional allegations of fact, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

11. Upon information and belief, ExxonMobil admits the allegations of Paragraph 11 of the Complaint.

12. Upon information and belief, ExxonMobil admits the allegations of Paragraph 12 of the Complaint to the extent that, as a result of reporting on behalf of Defendant, Case # 03-06-26-1557-22 was assigned to the matter by the New Jersey Department of Environmental Protection ("NJDEP").

13. Upon information and belief, ExxonMobil denies the allegations of Paragraph 13 of the Complaint, except it admits that during the UST system decommissioning in 2003, groundwater and soil samples were taken. The sampling test results were either non-detected at or above the laboratory method detection limit or were at levels below the NJDEP IGWSCC for the compounds analyzed.

14. ExxonMobil denies the allegations of Paragraph 14 of the Complaint, except it admits, upon information and belief, that monitoring well MW-1 was installed in March of 2005 in the area of the former fuel oil UST in the northwestern corner of the Exxon Site.

15. Upon information and belief, ExxonMobil admits that in November of 2006, it met with the NJDEP to discuss current site conditions and NJDEP's requirements for further investigation and remediation of potential gasoline-related contamination on the Exxon Site. To the extent Paragraph 15 of the Complaint makes additional allegations of fact, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

16. Upon information and belief, in response to the allegations of Paragraph 16 of the Complaint, ExxonMobil admits that a result of the November 2006 meeting with NJDEP was that further groundwater investigation was required.

17. Upon information and belief, ExxonMobil admits the allegations as to temporary points TP-2 and TP-3 only.

18. Upon information and belief, ExxonMobil admits the allegations as to temporary points TP-2 and TP-3 only.

19. Upon information and belief, ExxonMobil admits the allegations of Paragraph 19 of the Complaint.

20. Upon information and belief, ExxonMobil admits the allegations of Paragraph 20 of the Complaint.

21. Upon information and belief, ExxonMobil admits the allegations of Paragraph 21 of the Complaint, except it denies any inference that Plaintiff currently owns the property where MW-9 was installed.

22. Upon information and belief, ExxonMobil admits the allegations of Paragraph 22 of the Complaint.

23. ExxonMobil denies the allegations of Paragraph 23 of the Complaint, except it admits, upon information and belief, that the former gasoline USTs and dispersing equipment and the former heating oil and waste oil UST areas were identified as potential areas of concern with respect to the investigation of potential gasoline-related contamination at the Exxon Site.

24. ExxonMobil denies the allegations of Paragraph 24 of the Complaint, except it admits, upon information and belief, that multiple rounds of groundwater samples were collected from multiple monitoring wells between January of 2010 and April of 2013, and concentrations of trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), cis-1,2-Dichloroethylene and vinyl chloride (collectively the "Chlorinated Solvents") were detected at varying levels in monitoring wells MW-9 and MW-12 on Plaintiff's former Property (defined in the Complaint as Plaintiff's Property).

25. Paragraph 25 of the Complaint states legal conclusions and legal arguments to be addressed by the Court, but to the extent a response is required, the allegations are denied as stated.

26. ExxonMobil denies the allegations of Paragraph 26 of the Complaint. Upon information and belief, all of the groundwater sampling data collected and analyzed to date (including Section 3.1 of Exhibit "A" attached to the Complaint) indicates that groundwater flows in a south/southwest direction from Plaintiff's former Property toward the Exxon Site. In addition, Section 4.3 of Exhibit "A" attached to the Complaint provides the Licensed Site Remediation Professional's conclusion that the Chlorinated Solvents detected in the monitoring wells "are not believed to be from operations conducted at the former Exxon facility." To the extent Paragraph 26 of the Complaint makes additional allegations of fact, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

27. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30. ExxonMobil denies the allegations of Paragraph 30 of the Complaint.

31. ExxonMobil denies the allegations of Paragraph 31 of the Complaint, except it admits that the monitoring wells on Plaintiff's former Property (MW-9 and MW-12) are located up-gradient from and to the north of the Exxon Site.

32. ExxonMobil denies the allegations of Paragraph 32 of the Complaint.

33. ExxonMobil denies the allegations of Paragraph 33 of the Complaint, except it admits that, upon information and belief, the source of the Chlorinated Compounds is off-site and up-gradient from the Exxon Site.

34. ExxonMobil denies the allegations of Paragraph 34 of the Complaint.

35. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

37. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.

39. ExxonMobil denies that the subject contamination on Plaintiff's former Property emanated from the Exxon Site. To the extent Paragraph 39 of the Complaint makes additional allegations of fact, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

40. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint.

41. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint.

**COUNT I**
**COMPREHENSIVE ENVIRONMENTAL RESPONSE,**
**COMPENSATION AND LIABILITY ACT**
**42 U.S.C.A. §9607(a)**

43. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 42 of the Complaint.

44. Paragraph 44 of the Complaint states legal conclusions, legal arguments and characterizations, but to the extent a response is required, the allegations are denied as stated. To the extent Paragraph 44 of the Complaint makes allegations of fact, such allegations are denied as stated.

45. Paragraph 45 of the Complaint states legal conclusions, legal arguments and characterizations, but to the extent a response is required, the allegations are denied as stated. To the extent Paragraph 45 of the Complaint makes allegations of fact, such allegations are denied as stated.

46. ExxonMobil denies the allegations of Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint states legal conclusions, legal arguments and characterizations, but to the extent a response is required, the allegations are denied as stated. To the extent Paragraph 47 of the Complaint makes allegations of fact, such allegations are denied.

48. Paragraph 48 of the Complaint states legal conclusions, legal arguments and characterizations, but to the extent a response is required, the allegations are denied as stated. To the extent Paragraph 48 of the Complaint makes allegations of fact, such allegations are denied.

**COUNT II**
**SPILL COMPENSATION AND CONTROL ACT**
**42 U.S.C.A. §9607(a)**

49. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 48 of the Complaint.

50. Paragraph 50 of the Complaint states legal conclusions, legal arguments and characterizations, but to the extent a response is required, the allegations are denied as stated. To the extent Paragraph 50 of the Complaint makes allegations of fact, such allegations are denied.

51. ExxonMobil denies the allegations of Paragraph 51 of the Complaint, except it admits that the groundwater beneath Plaintiff's former Property appears to have been contaminated with the Chlorinated Solvents.

52. ExxonMobil denies the allegations of Paragraph 52 of the Complaint.

53. ExxonMobil denies the allegations of Paragraph 53 of the Complaint.

## COUNT III
## PRIVATE NUISANCE

54. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 53 of the Complaint.

55. ExxonMobil denies the allegations of Paragraph 55 of the Complaint, except it admits that an affiliate of ExxonMobil was a former owner or operator of a gasoline service station at the Exxon Site.

56. ExxonMobil denies the allegations of Paragraph 56 of the Complaint.

57. ExxonMobil denies the allegations of Paragraph 57 of the Complaint.

58. ExxonMobil denies the allegations of Paragraph 58 of the Complaint.

59. ExxonMobil denies the allegations of Paragraph 59 of the Complaint.

60. ExxonMobil denies the allegations of Paragraph 60 of the Complaint.

61. ExxonMobil denies the allegations of Paragraph 61 of the Complaint.

## COUNT IV
## NEGLIGENCE

62. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 61 of the Complaint.

8

63. Paragraph 63 of the Complaint states legal conclusions, legal arguments and characterizations, but to the extent a response is required, the allegations are denied as stated. To the extent Paragraph 63 of the Complaint makes allegations of fact, such allegations are denied.

64. ExxonMobil denies the allegations of Paragraph 64 of the Complaint.

65. ExxonMobil denies the allegations of Paragraph 65 of the Complaint.

66. ExxonMobil denies the allegations of Paragraph 66 of the Complaint.

67. ExxonMobil denies the allegations of Paragraph 67 of the Complaint.

## COUNT V
## TRESPASS

68. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint.

69. ExxonMobil denies the allegations of Paragraph 69 of the Complaint.

70. ExxonMobil denies the allegations of Paragraph 70 of the Complaint.

71. ExxonMobil denies the allegations of Paragraph 71 of the Complaint.

72. ExxonMobil denies the allegations of Paragraph 72 of the Complaint.

## GENERAL DENIAL

ExxonMobil denies each factual allegation of the Complaint, except as expressly admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint is barred in whole or in part by the doctrines of unclean hands, waiver, unjust enrichment, abandonment, laches, or estoppel.

9

**Third Affirmative Defense**

The Complaint and causes of action asserted are barred in whole or in part by the applicable statutes of limitations.

**Fourth Affirmative Defense**

ExxonMobil is not a responsible person within the meaning of CERCLA because it never: (1) generated any illegal or hazardous substances that were disposed of at Plaintiff's former Property; (2) arranged for the disposal of any illegal or hazardous substances at Plaintiff's former Property; (3) accepted any hazardous substances for transport; or (4) assumed, or is responsible as successor in interest for, any environmental liabilities relating to the disposal of hazardous substances at Plaintiff's former Property.

**Fifth Affirmative Defense**

Neither ExxonMobil nor any affiliated entity ever generated, released, or disposed of any illegal or hazardous substances that have caused or will cause Plaintiff to incur response costs or suffer damages.

**Sixth Affirmative Defense**

The alleged presence of illegal and hazardous substances at Plaintiff's former Property was not caused or contributed to by ExxonMobil, and did not originate or emanate from any of its operations or activities, or those of any affiliated entity.

**Seventh Affirmative Defense**

Any recovery by Plaintiff under CERCLA is barred or limited to the extent that Plaintiff has incurred no response or remediation costs or the alleged response or remediation costs are not or will not be consistent with (or are or will be inconsistent with) the National Contingency Plan.

**Eighth Affirmative Defense**

Plaintiff's recovery is precluded or limited to the extent that any response or remediation

10

costs allegedly incurred or to be incurred are not, or will not be, reasonable, necessary, or appropriate.

### Ninth Affirmative Defense

ExxonMobil and any of its alleged affiliates or predecessors conducted themselves in a reasonable manner under the circumstances and in accordance with the then prevailing standards, practices, and laws with respect to any hazardous substances used, handled, stored, treated, transported or disposed of at the Site.

### Tenth Affirmative Defense

To the extent there was a release or threatened release of a hazardous substance resulting in any contamination at or under Plaintiff's former Property and/or response costs at Plaintiff's former Property, such a release or threat of release and the resulting costs were caused solely by the act or omission of a third party or parties other than an employee or agent of ExxonMobil.

### Eleventh Affirmative Defense

In the event that ExxonMobil is found responsible for any of the harm or damages alleged in the Complaint, any and all qualified response costs should be allocated among Plaintiff and all parties found responsible using such equitable factors as this Court deems appropriate.

### Twelfth Affirmative Defense

Any recovery against ExxonMobil must be offset or reduced by an amount commensurate with the acts or omissions of others that caused or contributed to the alleged release or threatened release of hazardous substances at the Site.

### Thirteenth Affirmative Defense

Plaintiff lacks standing to bring claims for relief under some or all of the causes of action alleged in the Complaint.

### Fourteenth Affirmative Defense

Plaintiff's lack of reasonable care in its own dealings was the sole cause of, or contributed to, the injuries, losses and damages alleged in the Complaint, and therefore, Plaintiff must be barred from recovering all or that portion of any damages attributable to their lack of reasonable care.

### Fifteenth Affirmative Defense

Plaintiff has not incurred any damages or has unreasonably failed to mitigate, prevent or reduce its alleged injuries, losses and/or damages, if any.

### Sixteenth Affirmative Defense

Plaintiff has failed to demonstrate that it has exclusive control over groundwater owned by the State of New Jersey and therefore has failed to state a claim of trespass upon which relief may be granted.

### Seventeenth Affirmative Defense

Plaintiff has failed to demonstrate that ExxonMobil or any affiliated entity has interfered with Plaintiff's private use and enjoyment of Plaintiff's former Property.

### Eighteenth Affirmative Defense

Each claim for relief in the Complaint is barred, in whole or in part, by virtue of an independent intervening or superseding cause over which ExxonMobil had no control.

### Nineteenth Affirmative Defense

Each claim for relief in the Complaint is barred because Plaintiff's injuries, losses and damages, if any, are the result, in whole or in part, of Plaintiff's assumption of risk.

### Twentieth Affirmative Defense

ExxonMobil reserves the right to assert any and all additional defenses that become known or available to it as a result of information developed through discovery or at trial.

**For These Reasons,** Defendant ExxonMobil respectfully requests that the Court:

(a) dismiss with prejudice all causes of action asserted by Plaintiff in the Complaint;

(b) award ExxonMobil its costs of suit and attorneys' fees; and

(c) grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: October 8, 2014

DAY PITNEY LLP
Attorneys for Defendant
Exxon Mobil Corporation

By: */s/ Dennis M. Reznick*
DENNIS M. REZNICK
A Member of the Firm

One Jefferson Road
Parsippany, NJ 07054
Telephone: 973-966-8232
Facsimile: 973-547-2843
E-mail: dreznick@daypitney.com

**Local Rule 11.2 Certification**

        I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: October 8, 2014                    DAY PITNEY LLP  
                                              Attorneys for Defendant  
                                              Exxon Mobil Corporation

                                              By:   */s/ Dennis M. Reznick*  
                                                        DENNIS M. REZNICK  
                                                        A Member of the Firm

**Certificate of Service**

I certify that on this date a copy of this document was filed via the court's Electronic Case Filing (ECF) system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: October 8, 2014                               /s/ Dennis M. Reznick
                                                     Dennis M. Reznick